FILED
SUPERIOR COURT
OF GUAM

2018 FEB -8 PM 3:53

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| OXFORD PROPERTIES AND FINANCE LTD. and OXFORD GUAM INC., <br><br> PLAINTIFF, <br><br> vs. <br><br> CHRISTINE A. LEE aka ANNA LEE and HELLO LEE GLOBAL (GUAM) INC., <br><br> DEFENDANT. | CIVIL CASE NO.: CV1049-16 <br><br> DECISION AND ORDER (Defendants' Motion to Compel Plaintiff's Attendance at Defendants' Deposition in Guam) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 22, 2017 on Christine A. Lee aka Anna Lee and Hello Lee Global (Guam) Inc.'s ("Defendants") Motion to Compel Plaintiffs' Attendance at Defendants' Deposition in Guam. Defendant appeared with counsel, Attorney James M. Maher. Attorney Anita P. Arriola appeared on behalf of Oxford Properties and Finance Ltd. and Oxford Guam Inc. ("Plaintiffs"). Upon review of the written and oral arguments and legal authorities, the Court hereby **GRANTS** the Defendants' Motion to Compel Plaintiff's Attendance at Defendants' Deposition in Guam.

///

///

*ORIGINAL*

On November 28, 2016, the Plaintiffs initiated this action by verified complaint wherein the Plaintiffs allege that from April 2014 through October 2016, Defendants collected rent from tenants for certain real properties in Guam that belong to Plaintiffs. Verified Compl. ¶ 7 (Nov. 28, 2016). The Plaintiffs allege that after repeated demands for the rent amounts, Defendants refused and the amount collected and owed to Plaintiffs is at least $132,689.19. Id. The Plaintiffs further allege that the Defendants also obtained a distribution from a Trust Account in the amount of $217,500.00, and similarly refused to pay the amount to Plaintiffs. Id. at ¶ 8. Based on these allegations, the Plaintiffs' suit pleads (1) Misappropriation of Funds and Property, (2) Conversion, and (3) Accounting, and seeks damages, including punitive damages, from Defendant. Id. at ¶¶ 10-25.

On September 11, 2017, Defendants filed a Motion to Compel Plaintiffs' Attendance at Defendants' Deposition in Guam. Pursuant to the Guam Rules of Civil Procedure, the parties filed a Written Stipulation stating their positions. Decl. of James M. Maher in Supp. Defs' Mot. Compel Dep. Ex. 1 (Sep. 11, 2017). The written stipulation provides that Mr. Eric Chiu, the proposed deponent for the deposition at issue, was designated by Plaintiff as custodian of records for Oxford Properties and Finance Ltd. Id. at 1. Mr. Chiu also signed the verified complaint initiating this action on behalf of the Plaintiffs. The Written Stipulation indicates Defendant seeks to depose Mr. Chiu under Rule 30(b)(6) of the Guam Rules of Civil Procedure. Id. at 1. However, when the Defendant noticed the deposition, the parties "were unable to agree on the location of the proposed deposition." Defs' Mot. Compel Dep. 2 (Sept. 11, 2018).

The Plaintiffs filed an opposition to the Defendants' Motion on October 9, 2017 and attached a declaration of Mr. Eric Chiu. Mr. Chiu has lived in Hong Kong all his life and he works as the financial officer for a group of fifty-seven companies, including the Plaintiffs. Decl. of Eric Chiu in Supp. Pls' Opp'n Mot. Compel ¶ 1 (Oct. 12, 2018). Mr. Chiu further states that he supervises a staff of six and that he personally compiles and files annual tax returns and corporate reports for the fifty-seven companies in Hong Kong, China and Guam. Id. at ¶ 3. Additionally, he handles all the companies' income and loss statements, balance sheets, cash flow and financial

statements, and responds to numerous inquiries about the financial status and operations of the fifty seven companies daily. Id. at ¶¶ 3-4. He claims that if any emergencies arise while he is away, no one else could take over in his absence. Id. at ¶ 4.

Mr. Chiu also states that he cares for his 87 year old parents, and it would be an extreme hardship for him to leave them. Id. at ¶ 5. Mr. Chiu states that his native language is Cantonese and he would thus prefer to be deposed with a Cantonese interpreter present. Id. at ¶¶ 6-7.

The Defendants replied to the opposition on October 30, 2017. The Court held a hearing on the Motion and took the matter under advisement on November 22, 2017.

## DISCUSSION

The Defendants posit that because the Plaintiffs initiated this action on Guam, there is a presumption that Mr. Chiu, the Plaintiffs' designated representative, should submit to deposition in Guam. See Def's Reply to Defs' Opp'n 2 (Oct. 30, 2017). In Opposition, the Plaintiffs argue there is a general rule that "the deposition of a corporate officer or employee should usually be taken at the corporation's principal place of business," and thus Mr. Chiu should be deposed in Hong Kong, Plaintiffs' principal place of business. Pls' Opp'n to Def's Mot. 2-3 (Oct. 9, 2017).

Under Rule 30(b)(6) of the Guam Rules of Civil Procedure ("GRCP"),

> "A party may in the party's notice and in a subpoena name as the deponent a . . . private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . The persons so designated shall testify as to matters known or reasonably available to the organization . . . ."

Guam R. Civ. P. 30(b)(6) (2014).

The GRCP also allow for deposition by alternative means in Rule 30(b)(7), which provides "[t]he parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means." Guam R. Civ. P. 30(b)(7). The language of Guam GRCP 30 is substantially similar to the language in Rule 30 of the Federal Rules of Civil Procedure ("FRCP"), thus federal authorities are persuasive in interpreting Rule 30 of the GRCP. See Guam

R. Civ. P. 30 (2014); cf. Fed. R. Civ. P. 30 (2016); see also Sumitomo Constr. Co. v. Zhang Ye, Inc., 1997 Guam 8 ¶ 17 (reasoning "[g]enerally when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction.").

Like the GRCP, the FRCP "do not specify the situs of a party deposition noticed pursuant to Rules 30(a)(1) or 30(b)(6)." In re Outsidewall Tire Litigation, 267 F.R.D. 466, 470-71 (E.D.Vir. 2010). Federal trial courts have interpreted the rules to mean "the deposition of a party may be noticed wherever the deposing party designates, subject to the court's power to grant a protective order." Fausto v. Credigy Services Corp., 251 F.R.D. 427, 429 (N.D. Cal. 2008). However, as noted by the Defendant in the Motion and Reply, some federal trial courts "presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." Fenerjian v. Nong Shim Company, Ltd, No. 13-CV-04115-WHO (DMR), 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016) (citations and quotations omitted).[1] Courts also extend this rule to representatives of plaintiff corporations. See Fenerjian, 2016 WL 1019669, at *1-2 (addressing deposition noticed under Rule 30(b)(6)).

The Plaintiff argues that "[a]n exception to this general rule is made for corporate designees, who are normally deposed at the corporation's principal place of business." Fausto v. Credigy Services Corp., 251 F.R.D. 427, 429 (N.D. Cal. 2008) (citing Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537, 541 (D. Minn. 2003)). However, the Court can distinguish the authorities cited by the Plaintiff as inapplicable here as those authorities dealt with the depositions of a foreign corporate defendant.[2] Not one case cited by Plaintiff for the presumption that the deposition of a corporate

[1] see also Peterson v. Alaska Communications Systems Group, Inc., No. 3:12-cv-00090-TMB, 2017 WL 2312952, at *4 (D. Ala. Mar. 6, 2017) (reasoning "[a] plaintiff must typically make himself available for a deposition in the district in which the action is pending"); P.Y. M.T. v. City of Fresno, No. 1:15-cv-710-JAM-BAM, 2016 WL 2930539, at * (E.D. Cal. May 19, 2016) (reasoning "there are general presumptions that a Plaintiff's deposition should proceed in the forum district because, unlike a Defendant, the Plaintiff is here by choice. Generally, plaintiffs are required to make themselves available for examination in the district in which suit was brought, because the plaintiffs selected the forum"); In re Outsidewall Tire Litigation, 267 F.R.D. 466, 471-72 (E.D.Vir. 2010).

[2] See United States v. One Gulfstream G-V Jet Aircraft Displaying Tail Number VPCES, 304 F.R.D. 10 (D.D.C. 2014) (addressing U.S. Government noticed deposition of alleged owner of property subject to *in rem* action brought

agent will occur at the corporation's principal place of business extends such presumption to a deposition of a named plaintiff, noticed by the defendant.

Thus the Court declines to extend the presumption advanced by the Plaintiff without more compelling authority. Instead the Court will defer to those authorities cited by the Defendant which presume a plaintiff shall be deposed in the forum where a matter is pending. Therefore, the Court is guided by the "general rule that a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought." Fenerjian, 2016 WL 1019669, at * 2. This presumption is not irrebutable, "[t]o overcome this presumption . . . the plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." Id. (citing Mullins v. Premier Nutrition Corp., No. C-13-01271-RS(DMR), 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014)) (citations and quotations omitted).

The plaintiff bears the burden of showing undue hardship or exceptional or compelling circumstances to justify refusal to submit to deposition in the forum where litigation is pending. See Mullins, 2016 WL 4058484 at *2. In Mullins, the plaintiff argued that he could not travel to the forum where litigation was pending for his deposition because of a family related issue, and the need to be in other locations at unpredictable times. Id. In finding that the plaintiff had not demonstrated the exceptional or compelling circumstances necessary to move or delay the deposition, the court reasoned the plaintiff's declarations were "devoid of detail . . . [and did] not persuade the court that plaintiff's personal circumstances hamper him in any significant way from traveling for two days to appear for his deposition in the forum in which he chose to file . . . ." Id.

Similarly in Fenerjian, the Court found several plaintiffs' representatives' proffered reasons of childcare responsibilities, work, medical treatment, and financial burden of missing work, were

---

by U.S. Government); see also Rundquist v. Vapiano SE, 277 F.R.D. 205 (D.D.C. 2011) (addressing plaintiff's motion to compel appearance of officers, directors, or managing agents of defendant corporation for depositions); In re Outsidewall Tire Litigation, 267 F.R.D. 466, 470 (E.D.Vir. 2010) (addressing the situs of a defendant corporation's corporate representative and managing agent's deposition noticed by plaintiff); McDougal-Wilson v. Goodyear Tire and Rubber co., 232 F.R.D. 246 (E.D.N.C. 2005) (addressing defendant-employer's motion to quash and for a protective order concerning plaintiff's proposed Rule 30(b)(6) deposition of defendant employer); Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537 (D. Minn. 2003) (addressing plaintiff's motion to compel production of defendant's corporate witness); Slater v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979) (addressing issue related to plaintiff's notice of deposition and whether trial court action of vacating notice and prohibiting or postponing the deposition was proper).

insufficient to show undue burden or exceptional or compelling circumstances. See Fenerjian, 2016 WL 1019669, at *3. The court found the explanation of work or childcare only showed usual difficulty or inconvenience and did not rise to an undue burden or exceptional or compelling circumstances because Plaintiffs brought the action and chose the forum. Id.

Further, the Court found that the provided declarations did not provide any detail about the medical issues or course of treatment that was adversely affected by the burden of appearing for depositions. Id. The court also reasoned that while one of the plaintiff's daughters may have had a medical condition, there was no information about the specific condition the daughter faced, its severity, or any necessary special medical treatment – or its frequency or predictability. Id. Thus the Court found the plaintiffs had not met their burden, stating specifically that the "meager record submitted by the [plaintiffs] does not persuade the court that their personal circumstances hamper them in any significant way from traveling to appear for depositions in the forum in which they chose to file." Id. at *4.

Here, as in Mullins and Fenerjian, the Court finds Plaintiffs have not provided sufficient evidence to demonstrate undue burden or exceptional or compelling circumstances for this court to stray from the rule that the plaintiff should submit to a deposition in the forum where litigation is pending. Mr. Chiu cites to his various work responsibilities, but there is no specific adverse effect that he points too beyond general assertions of the work he does. While the Court will not dispute the importance of Mr. Chiu's work, the Court finds it difficult to believe that fifty-seven companies would cease to operate if their financial officer was subject to deposition in Guam with only a two hour difference from Hong Kong, and the state of modern communication technology. Notably, Mr. Chiu does not dispute that he should be deposed, only that he cannot travel to Guam for such deposition. The Court is unconvinced that travelling to Guam from Hong Kong for the time it takes to be deposed presents an undue burden or exceptional or compelling circumstances. The Court is similarly unconvinced that Mr. Chiu's being physically out of the office for a few days at most is sufficient to rebut the presumption that the Plaintiff should make representatives available for

deposition in the forum they file. Mr. Chiu signed the verified complaint in this matter and thus should have anticipated being subject to proceedings in Guam related to the matter.

Similarly, without more information, the Court finds Mr. Chiu's argument that he takes care of his 87 year old parents is similarly unsubstantiated. The court has no information about any specific conditions of Mr. Chiu's parents beyond their age. In order to meet the standard, the Court would need information on their condition, the type of care Mr. Chiu provides, and why no one else can fill his role for the time he is away for his deposition. Importantly Mr. Chiu admits he traveled to Guam at least twice in the last five years. His parents were already in their eighties and he obviously had some arrangement that allowed for him to travel at that time. Again, while the deposition poses an inconvenience, it is not an undue burden.

Thus, having found the Plaintiffs have not demonstrated that Mr. Chiu's travel to Guam will present an undue burden, nor have Plaintiffs shown exceptional or compelling circumstances, the Court hereby **GRANTS** the Defendants' Motion to Compel Mr. Chiu's deposition in Guam.

**Deposition by Videoconference**

In Fenerjian, the court addressed an argument similar to the argument advanced by Plaintiffs here, that Mr. Chiu's deposition should be taken by video conference. Id. The court ruled that because the plaintiffs were named plaintiffs in the action, the Defendants "are allowed to evaluate their credibility . . . through in-person depositions." Fenerjian, 2016 WL 1019669, at *4. The Court agrees that a deposition by videoconference would address several logistical issues, such as the lack of a certified Cantonese interpreter in Guam. However, the Court agrees with both Defendant and the Fenerjian court that since Mr. Chiu signed the verified complaint and was designated by Plaintiffs under 30(b)(6), and because Defendants have demanded an in-person deposition by oral examination, Defendants are entitled to compel Mr. Chiu's presence to weigh his credibility.

While this court does have discretion to order a video conference, on the facts presented, the Court will not make such an Order unless both parties agree. Otherwise, the Court follows the general rules discussed above, that the noticing party selects the deposition location, and the

plaintiff is generally expected to be deposed in the district where the litigation is pending. The Court therefore **DENIES** the Plaintiffs' request that Mr. Chiu be deposed by videoconference.

The Court will note that Defendant is on notice that the Court has discretion to order an interpreter be present at a deposition. See Bethlehem Area Sch. Dist. v. Zhou, No. CIV.A. 09-3493, 2011 WL 1584083, at *2 (E.D. Pa. Apr. 27, 2011). Other courts have ordered officers, such as interpreters and court reporters, should be present in the same location as the deponent to avoid logistical problems. See Gould v. Motel 6 Inc., No. CV09-8157 CAS (FMOx), 2011 WL 13128160, at *7 (C.D. Cal. March 28, 2011). Thus, the Court **ORDERS** Defendant to provide an English-Cantonese interpreter in Guam at Defendant's expense, since Defendant declined the videoconference option. The Plaintiffs may of course provide a check interpreter at Plaintiffs' expense. However the interpreter ordered to be present by the Court shall be provided by Defendant, as a cost of the deposition. See In the Matter of Majestic Blue Fishers, LLC, No. 11-00032, 2013 WL 12233715 at *1 (D. Guam Jun. 21, 2013) (reasoning "[w]ith respect to deposition interpreter fees, the party seeking discovery must bear the cost of having [his] questions translated into the native language of the deponents and having the deponents' answers translated into English") (citing E. Boston Ecumenical Community Council, Inc. v. Mastrorillo, 124 F.R.D. 14, 15 (D. Mass. Feb. 22, 1989) (internal quotations omitted)).

**Attorney's Fees**

Finally, Defendants argue that if they prevail on the Motion, they are entitled to Attorney's fees under Rule 37(a)(4) of the GRCP. Defs' Mot. Compel Pls' Attendance at Dep. in Guam 5 (Sep. 11, 2017). Plaintiffs cite to Rule 37(a)(4) which provides that "a party who obtains an order granting a discovery motion shall recover attorney's fees unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Guam R. Civ. P. 37(a)(4). One court in Guam has found that the 'substantially justified' standard is satisfied if "there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. Substantial justification means justified in substance or in the main, i.e., justified to a degree that could satisfy a reasonable person." Guam Indus. Servs., Inc

v. Zurich Am. Ins. Co., No. CV 11-00014, 2013 WL 4525228, at *2 (D. Guam Aug. 26, 2013) (citing Pierce v. Underwood, 487 U.S. 552, 563-66 (1988)) (internal quotations omitted).

The Court finds that because the authorities presented to the Court were mostly trial court opinions interpreting Rule 30 of the FRCP, reasonable minds could differ as to the interpretation of Rule 30 of the GRCP as it relates to the instant matter. Therefore the Court finds that Plaintiffs' arguments discussed herein, under these circumstances, were substantially justified. The Court therefore **DENIES** Defendants' request for attorney's fees.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendants' Motion to Compel Plaintiffs' Attendance at Deposition in Guam.

1.  The Parties are **ORDERED** to meet and confer to decide the details, including the date and location (in Guam), of Mr. Chiu's deposition. The Plaintiffs are **ORDERED** to present Mr. Chiu at the appropriate time, in Guam, to be deposed.

2.  The Court **ORDERS** Defendants to provide an English-Cantonese interpreter in Guam at Defendants' expense for the deposition.

3.  The Court **DENIES** Plaintiffs' request to order Defendants to depose Mr. Chiu by videoconference.

4.  The Court **DENIES** Defendants' request for attorney's fees.

A Status Hearing is set for ___**MAR 2 9 2018**___ at ___10 a.m.___

**SO ORDERED** ___**FEB 0 8 2018**___.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
Arriola, Cowan,
Arriola; J. Maher
Date: 2.8.18  Time: 4:15pm

Deputy Clerk, Superior Court of Guam

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

CV1049-16 Oxford Properties and Finance Ltd., et al. v. Christine Lee et al.
DECISION AND ORDER (re Defs' Mot. to Compel Pls' Attendance at Defs' Dep. in Guam)

Page **9** of **9**